912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clinton Gray CLINE, Defendant-Appellant.
 No. 90-5763
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1990.
Decided Aug. 30, 1990.
 
 Jack Benjamin Crawley, Jr., Cheshire, Parker, Hughes & Manning, Raleigh, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, N.C., for appellee.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 We are confronted here with a sorry case, involving a new twist to the "I didn't know it was loaded" attempt at manufacturing extenuating circumstances. The defendant, Clinton Gray Cline, engaged in a drug violation and as a result when arrested he was found to possess approximately two pounds of methamphetamine. That is a controlled substance, and Cline's possession thereof with an intent to distribute was a violation of 21 U.S.C. Sec. 841.
 
 
 2
 Having pleaded not guilty, Cline nevertheless entered a plea of guilty to the Count I charge of possession of methamphetamine with intent to distribute. Count III, charging possession of an unregistered firearm, was dismissed and the case proceeded to a bench trial only on Count II, which charged Cline with carrying firearms during and in relation to a drug trafficking crime. Upon a finding of guilt, Cline was sentenced to a consecutive five-year sentence following the sixty-month sentence based upon his conviction of possession of methamphetamine with intent to distribute.
 
 
 3
 It appears not to be a matter of serious dispute that carrying and using firearms would not of itself be enough to justify the conviction here. The carrying and using would have to be shown as "during and in relation to" a drug trafficking crime. See 18 U.S.C. Sec. 924(c)(1).
 
 
 4
 Cline was a licensed bail bondsman authorized to write bonds and conduct his business in compliance with North Carolina statutes and the regulations of the North Carolina Insurance Commission. Because such activity necessitates and authorizes the arrest of bail skips, Cline, up to the time of his arrest, characteristically had with him a briefcase in which were packed loaded firearms as "tools of his trade."
 
 
 5
 Cline was apprehended when a Holiday Inn was subject to law enforcement surveillance. Cline was observed spending $19,000 for methamphetamine. Thereupon, he was arrested. In that connection, the agents recovered a satchel containing methamphetamine from the van in which Cline had been driving. The satchel was found resting on top of a briefcase located between seats in Cline's van. The briefcase contained as "tools of the trade" two or three pairs of handcuffs, a set of leg irons, a flashlight, several articles of identification, including Cline's investigator's license and documents relating to his business, and a loaded AMT .380 automatic pistol and a loaded Smith and Wesson 9 millimeter semi-automatic pistol.
 
 
 6
 The fact that Cline knowingly used or carried a firearm was not open to any significant dispute. It was his customary practice to do so. The case came down to whether he did so "during and in relation to a drug trafficking crime." Cline's carrying of the loaded firearms certainly occurred during the drug trafficking crime, leaving open for dispute whether his activities were also "in relation to" a drug trafficking crime. Of course, the verdict of guilt must be sustained if there was substantial evidence, taking the view most favorable to the government, to support it. See Glasser v. United States, 315 U.S. 60 (1942).
 
 
 7
 An attempt by Cline to take sustenance from the trial judge's reference to the crime as occurring "during or in relation to" does not wash. When the trial judge thus misspoke, bearing in mind the frequent interchangeable use of "and" and "or", and especially the failure of Cline to raise an objection on the point, the use of "or" instead of "and" did not rise above the category of harmless error. The district judge approached the matter on the theory that both "during and in relation to" had to be established. That makes eminent good sense when it is appreciated that what had occurred indisputably took place during a drug trafficking crime.
 
 
 8
 Turning to the proof that carriage or use of the firearm was "in relation to" the drug trafficking crime, it bears mention that Cline, when he went to pick up the methamphetamine, was in no way concerned with a skip arrest. The firearms were not left at home or stowed away in the trunk of the vehicle but, instead, were located where they were readily accessible to Cline. The guns increased the likelihood of success or reduced the probability of failure of the drug transaction. See United States v. Moore, 580 F.2d 360, 362 (9th Cir.) ("there are situations in which mere possession of a gun can constitute 'use' under Sec. 924(c)(1)"), cert. denied, 439 U.S. 970 (1978). That fact alone justified the court's conclusion that the carrying or use of the firearms took place "during and in relation to" a drug trafficking crime.
 
 
 9
 The briefs and record have enabled us fully to consider the case and to proceed to decision without oral argument. The verdict of guilty is
 
 
 10
 AFFIRMED.